```
                UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF FLORIDA

                CASE NO. 08-61634-CIV-ZLOCH
```

IRVING TITRE, individually and
on behalf of others similarly
situated,

    Plaintiff,

vs.                                **FINAL ORDER OF REMAND**

PLATINUM PARTNERS LLC d/b/a
HEALTH BENEFITS DIRECT, a
Florida Limited Liability
Company,

    Defendant.
_____/

    THIS MATTER is before the Court sua sponte. The Court has carefully reviewed the entire court file herein and is otherwise fully advised in the premises.

    Plaintiff Irving Titre initiated the above-styled cause in the Seventeenth Judicial Circuit, Broward County, Florida. Defendant timely filed a Notice Of Removal (DE 1) to this Court wherein it alleged that this action would otherwise properly be brought in federal court. Specifically, the Notice Of Removal (DE 1) alleges that the above-styled cause could be brought before this Court because it involves a federal question. 28 U.S.C. § 1331.

    Pursuant to 28 U.S.C. § 1447(c) (2006), this Court may, sua sponte, review this matter, and "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id. Whether an action filed in state court may properly be removed to federal court is to

be determined from the record at the time the notice of removal is filed. See Pullman Co. v. Jenkins, 305 U.S. 534 (1939).

Plaintiff initiated this action to recover damages for Defendant's alleged breach of the Parties' employment contract, for accounting, and for declaratory relief all under Florida state law. Defendant argues that although each of Plaintiff's claims is made under state law, "a review of the Complaint evidences that Plaintiff's breach of contract claim is actually a claim under the Fair Labor Standards Act." DE 1, ¶ 3. Nowhere in the Complaint does Plaintiff allege a violation of federal law. On the contrary, Plaintiff alleges a common law breach of contract claim, a claim for accounting, and a claim for declaratory relief as to the contracted-for pay structure.

Defendant has failed to establish that the Court has subject matter jurisdiction over the Complaint (DE 1, Ex. A) filed in Florida state court.

> As is true of original federal question subject matter jurisdiction, a legion of cases hold that a case arises "under the Constitution, treaties or laws of the United States" for purposes of removal jurisdiction if the adjudication of the plaintiff's claim for relief depends on the application of any of the enumerated sources of federal law.

14B Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3722 (3d ed. 1998). The federal law "must be an essential element of the plaintiff's properly pleaded claim for relief." Id. (Supp. 2008). Defendant has offered no evidence or argument that application of the federal wage and hour law

2

requiring minimum wage and overtime payments is necessary to the resolution of Plaintiff's breach of contract claim, which alleges that Defendant made improper "administrative cost" deductions from Plaintiff's pay to which he did not agree, failed to pay full commissions contracted for, and refused to provide adequate access to past sales records to verify pay owing.  DE 1, Ex. A, ¶ 9. Defendant cannot morph Plaintiff's state law claims into a federal one by fiat.  Thus, the Court lacks jurisdiction over the above-styled cause because it involves no federal question.

In the alternative, for the benefit of the Parties and any reviewing court, the Court will analyze the Notice Of Removal (DE 1) to determine whether it establishes the Court's jurisdiction based upon diversity.  28 U.S.C. § 1332.  The party asserting diversity jurisdiction bears the burden of proof.  <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857-58 (9th Cir. 2001).  In a notice of removal, a defendant's failure to allege complete diversity of citizenship is fatal to the Court's exercise of jurisdiction, and the Court is left with no recourse other than to remand the action to state court.  <u>Id.</u>

The requisite diversity of citizenship as to Plaintiff and Defendant is not apparent on the face of the Notice Of Removal (DE 1).  The Notice does not contain any allegations of the citizenship of the Parties. Moreover, the Complaint (DE 1, Ex. A) alleges only the following:

4. Plaintiff is a resident of Broward County[, Florida].

> 5. Defendant is a Florida Limited Liability Corporation with its principal place of business in Broward County, Florida . . . .

DE 1, Ex. A, ¶¶ 4-5.

Residency is not the equivalent of citizenship for diversity purposes. See 13B Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3611 (2d ed. 1984 & Supp. 2008). Moreover, "[a] limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). The Notice Of Removal and Plaintiff's original Complaint both lack proper allegations regarding the citizenship of Plaintiff and all members of Defendant, which are necessary to complete the requisite allegations for diversity. Therefore, the Notice Of Removal (DE 1) fails to allege the diversity requirements for this Court to exercise jurisdiction over the above-styled cause.

The Court notes that the federal courts are courts of limited jurisdiction. The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until the parties demonstrate that jurisdiction over the subject matter exists. United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005), citing Turner v. Bank of N. Am., 4 U.S. (4 Dall.) 8, 11 (1799). Therefore, the facts showing the existence of jurisdiction must be affirmatively alleged. Taylor v. Appleton, 30 F.3d 1365, 1367

(11th Cir. 1994); see, e.g., 14C Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3733 (3d ed. 1998 & Supp. 2008).

It is well settled that the removal statute is to be strictly construed against removal and in favor of remand because a defendant's right to remove and plaintiff's right to choose his forum are not on equal footing. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) (where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand); see also Libhart v. Santa Monica Dairy Co., 592 F.2d 1062 (9th Cir. 1979).

In remanding the above-styled cause due to the Parties' failure to satisfy the requirements of federal jurisdiction, the Court echos the recently stated sentiment of the United States Court of Appeals for the Seventh Circuit:

> Are we being fusspots and nitpickers in trying (so far with limited success) to enforce rules designed to ensure that federal courts do not exceed the limits that the Constitution and federal statutes impose on their jurisdiction?  Does it really matter if federal courts decide on the merits cases that they are not actually authorized to decide?  The sky will not fall if federal courts occasionally stray outside the proper bounds.  But the fact that limits on subject-matter jurisdiction are not waivable or forfeitable - that federal courts are required to police their jurisdiction - imposes a duty of care that we are not at liberty to shirk.  And since we are not investigative bodies, we need and must assure compliance with procedures designed to compel parties to federal litigation to assist us in keeping within bounds.  Hence [it is] . . . the responsibility of lawyers who practice in the federal courts, even if only occasionally, to familiarize themselves with the

principles of federal jurisdiction. <u>Smoot v. Mazda Motors of Am., Inc.</u>, 469 F.3d 675, 678 (7th Cir. 2006).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The above-styled cause be and the same is hereby **REMANDED** to state court;

2. The Clerk of the United States District Court, Southern District of Florida, be and the same is hereby **DIRECTED** to forward a certified copy of this Order to the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. 062008 CA 042798 XXX CE; and

3. To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   15th   day of October, 2008.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record

Clerk, Circuit Court
Broward County, Florida
Case No. 062008 CA 042798 XXX CE
(certified copy)